United States District Court
Southern District of Texas
**ENTERED**
August 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN DIXON GREEN, JR., <br> (TDCJ # 01215061) <br><br> Petitioner, <br><br> vs. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-21-969 <br> Consolidated with <br> CIVIL ACTION NO. H-21-1602 |

## MEMORANDUM AND OPINION ON MOTION FOR SUMMARY JUDGMENT

Glenn Dixon Green Jr., a Texas state inmate, challenges the forfeiture of his street-time credit following his July 2019 parole revocation. He seeks a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. The court granted Texas Department of Criminal Justice's (TDCJ) motion to consolidate this case with Civil Action Number H-21-1602. (Docket Entry No. 20). TDCJ also moved for summary judgment, and Green responded. (Docket Entry Nos. 21, 27). For the reasons set out below, TDCJ's motion is granted, and this case is dismissed by separate order.

**I. Background**

Green pleaded guilty in Texas state court to five counts of burglary of a habitation. (Docket Entry Nos. 22-21, pp. 11-13; 22-50, pp. 11-13; 23-16, pp. 11-13; 23-32, pp. 13-16; 23-48, pp. 13-16). He was sentenced in January 2004 to concurrent 15-year sentences on each count. (*Id*.) Green does not challenge his underlying convictions, limiting the issue to the forfeiture of street-time credit when his parole was revoked in July 2019.

Green was released on parole on May 18, 2014. (Docket Entry No. 21-1, pp. 2-3). A pre-revocation warrant issued on September 20, 2016, and was executed on June 1, 2019, in Honolulu, Hawaii. (Docket Entry No. 21-2, p. 6). Green was returned to TDCJ custody on June 30, 2019. (*Id.*) He was timely notified of his rights in the revocation process and of the alleged violations based on three failures to report and traveling outside Texas without approval. (*Id.* at 2-5). He admitted to the alleged violations and requested and received a revocation hearing. (*Id.* at 3-5). After the hearing, his parole was revoked on July 19, 2019. (*Id.* at 6-8).

On May 15, 2020, Green filed state habeas applications challenging his July 2019 parole revocation. (Docket Entry Nos. 22-21, pp. 16-34; 22-50, pp. 15-35; 23-16, pp. 15-35; 23-32, pp. 19-39; 23-48, pp. 18-38). The Texas Court of Criminal Appeals denied the applications, without written order or hearing, on the findings of the trial court in March 2021. (Docket Entry Nos. 22-6, p. 1; 22-35, p. 1; 23-1, p. 1; 23-17, p. 1; 23-33, p. 1).

Green filed this federal action later that month. He asserts the following grounds for relief:

1. he is entitled to street-time credit because he was past the midway point of his parole using the summons date of July 2019, but TDCJ is using the warrant date of September 2016 (Ground 1 in 21-cv-969; ground 3 in 21-cv-1602);

2. his 22-years-and-8-months sentence is illegal and exceeds his initial 15-year sentence (Ground 2 in 21-cv-969 and 21-cv-1602);

3. extending his sentence violated his plea agreement (Ground 3 in 21-cv-969; ground 4 in 21-cv-1602); and

4. his parole violation was necessary because of his work as a confidential informant for the state police (Ground 4 in 21-cv-969; grounds 1 and 5 in 21-cv-1602).

(Docket Entry No. 1, pp. 6-7).

## II.     Street-Time Credit

Green claims that he is entitled to street-time credit to reduce his sentence after his parole was revoked. Federal habeas relief requires a petitioner to allege facts showing the deprivation of

a right secured by the United States Constitution or laws. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). There is no federal constitutional or statutory right to a sentence reduction for a parole violator for time spent on parole. *Newby v. Johnson,* 81 F.3d 567, 569 (5th Cir. 1996) (a claim for credit for time spent on parole fails to show a violation of a constitutional right); *Hernandez v. Livingston*, 495 F. App'x 414, 417 (5th Cir. 2012) ("[I]nmates do not have a federal constitutional right to sentence credit for time spent on parole . . . .").

Green's claim to street-time credit is determined based on the Texas law in effect when his parole was revoked in July 2019. *See Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013) (citing *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009)). The Texas statute on street-time credit in effect when Green's parole was revoked stated:

> (c)  If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

Tex. Gov't Code § 508.283(c) (2019). Under § 508.283(c), Green would be entitled to credit for street time only if, on the date his revocation warrant issued, he was "subject to a sentence the remaining portion of which [was] less than the amount of time from the date of the [his] release to the date of issuance of the warrant or summons." The state habeas court found otherwise. That court entered the following findings of fact:

3

> On May 28, 2014, [Petitioner] was again released on **PAROLE** in all of his fifteen (15) year sentences.
>
> . . .
>
> On September 20, 2016, TDCJ PAROLE DIVISION issued a pre-revocation arrest warrant for [Petitioner] on the six (6) sentences on which [Petitioner] was granted **PAROLE** on May 28, 2014.
>
> On July 19, 2019, [Petitioner]'s **PAROLE** in each of his fifteen (15) year sentences was **REVOKED**. Pursuant to **TEX. GOVT. CODE**, because the remaining unserved portion of each of [Petitioner]'s fifteen (15) year sentences was greater than the 5 years 3 days calendar street-time that [Petitioner] had been on **PAROLE**, [Petitioner] **forfeited** the 5 years 3 days calendar street-time. Pursuant to **TEX. GOVT. CODE**, [Petitioner] also **forfeited** all previously accrued good time [Petitioner] had earned on each of his fifteen (15) year sentences prior to being released on **PAROLE** on May 28, 2014.

(Docket Entry No. 22-20, pp. 11-12).[1] The court concluded that Green had failed to "demonstrate [that] the PAROLE DIVISION has misapplied **Chapter 508**" in these cases. (*Id.* at 12) (capitalization and bold in original). Because Green failed to reach the midpoint calculation date before "issuance of a warrant or summons initiating the revocation process," as prescribed by § 508.283(c), he had to serve his remaining sentence without credit for the time from the date of his release on parole to the date of revocation.

Green argues that TDCJ incorrectly used the warrant issuance date (September 2016) rather than the summons date (July 2019) to calculate midway point. This is a state law argument, and it is not a basis for federal habeas relief. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (state-law interpretations are not a basis for relief in federal courts). In addition, the record supports the calculations used.

Under Texas law, the time Green had spent on parole is calculated using either the warrant or summons date, depending on which initiated the revocation process. *See In re Byrd,* 162 S.W.3d

---

[1] These same findings were made in each of Green's other state habeas petitions. (Docket Entry Nos. 22-49, pp. 11-12; 23-15, pp. 11-12; 23-31, pp. 11-12; 23-47, pp. 11-12).

4

250, 251–52 (Tex. Crim. App. 2005) ("§ 508.283 grants credit for time served while on release (i.e. "street time") if, at the time the warrant initiating the revocation process issues, a prisoner has spent more time on release than he has left to serve and he is not a person "described by § 508.149(a).'"); *Ex parte Lee,* 223 S.W.3d 360, 361 (Tex. Crim. App. 2006) (if a warrant initiated the revocation process, "[Petitioner is] entitled to credit for this time because, on the date of the warrant or summons initiating the revocation process, the remaining portion of [Petitioner's] sentence was less than the time spent on parole."); *Ex parte Spann*, 132 S.W.3d 390, 393 n.6 (Tex. Crim. App. 2004) (using the summons date to compute the time spent on parole rather than the warrant date because the summons in that case was the document that started the revocation process).

Green's revocation process began with the warrant issued in September 2016. His time was properly calculated using the warrant date. He fails to present a claim that the state law was wrongly applied or that he is entitled to federal relief. *See Weeks*, 55 F.3d at 1063 (federal court will not review a state court's interpretation of its own state's laws).

Green's sentence was not extended, time has not been added to his sentence, and his sentence has not expired. Green simply did not receive credit toward his sentence for the time he spent out of prison while released on parole. This adjustment and loss of street-time credit is not an alteration or extension of his original sentence. *See Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997).

### III. Improper Revocation Claims

Green alleges that his parole violation was justified because he was working as a confidential informant for the state police. But Green admitted to the parole violations after receiving notice. (Docket Entry No. 22-2, pp. 3-5). The record shows no basis to support his

5

current allegation that his parole violations were excused by his work as a confidential informant for state police, given his admission of violating his parole and leaving the State. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

In his petition for federal habeas corpus relief, Green repeated the allegations from his unsuccessful state habeas applications. The record shows no basis to find that the state-court decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence . . ." 28 U.S.C. § 2254(d). There is no basis for the relief he seeks.

**IV.    Conclusion**

Green's petition for writ of habeas corpus is dismissed with prejudice. Because Green fails to show a basis for a certificate of appealability, it will not be issued.

SIGNED on August 27, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

6